## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| James Riggs, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Smith Rouchon & Associates, Inc., a Mississippi corporation, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, James Riggs, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, James Riggs ("Riggs"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect defaulted consumer debts that he allegedly owed for medical services to North Alabama Medical Center.

4. Defendant, Smith Rouchon & Associates, Inc. ("SRA"), is a Mississippi corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. SRA operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant SRA was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Although not authorized to do so, Defendant SRA conducts business in the State of Alabama.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay his debts, including debts he allegedly owed for medical services to North Alabama Medical Center. Defendant SRA attempted to collect these debts from him via a negative credit report. Unsure about Defendant SRA, and unsure about the debts, Mr. Riggs consulted with counsel about his debt issues and the debts that SRA was trying to collect.

7. Accordingly, Mr. Riggs' attorney wrote to Defendant SRA, via letters dated July 10, 2020 and July 13, 2020, to dispute the debts SRA was trying to collect. Copies of these letters are attached as Group Exhibit A.

8. On November 9, 2020, Mr. Riggs obtained and reviewed a copy of his TransUnion credit report, which showed that Defendant SRA had continued to report the debts, but had failed to note that the debts were disputed. The pertinent part of Mr. Riggs' TransUnion credit report is attached as Exhibit B.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report, impaired his credit rating and his ability to

obtain credit. Moreover, Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that the debts were disputed made it appear to Plaintiff that he did not actually have the right to dispute the debts. Defendant's collection actions alarmed, confused and distressed Mr. Riggs and impacted his credit score.

10.   All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11.   Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False or Misleading Representations

12.   Plaintiff adopts and realleges ¶¶ 1-11.

13.   Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

3

14. Defendant, by continuing to report the debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

19. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, James Riggs, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

    2.      Enter judgment in favor of Plaintiff Riggs, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James Riggs, demands trial by jury.

> By: /s/ David J. Philipps_____
> One of Plaintiff's Attorneys
>
> By: /s/ Ronald C. Sykstus_____
> One of Plaintiff's Attorneys

Dated: November 13, 2020

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus  (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com